**THE STROJNIK FIRM L.L.C.**
ATTORNEYS AT LAW
ESPLANADE CENTER III SUITE 700
2415 East Camelback Road
Phoenix, Arizona 85016
(602) 510-9409

PETER K. STROJNIK, ESQ.
AZBN026082,CABN242728
strojnik@skplaw.com

*Attorney for Plaintiff*

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | | |
|---|---|---|
| TIEN PHAM, an Arizona resident, | ) | NO. |
| | ) | |
| Plaintiffs, | ) | **COMPLAINT** |
| | ) | |
| vs. | ) | |
| | ) | |
| GRAND CANYON UNIVERSITY, INC., | ) | |
| an Arizona corporation *dba* GRAND | ) | **JURY TRIAL DEMANDED** |
| CANYONE UNIVERSITY, | ) | |
| | ) | |
| Defendant. | ) | |

Plaintiff alleges as follows:

**PARTIES AND JURISDICTION**

1) Plaintiff Tien Pham is a female residing in Maricopa County, Arizona. Plaintiff is an American of Vietnamese origin and Asian race.

2) Defendant Grand Canyon University, Inc. is an Arizona corporation doing business as Grand Canyon University. Defendant operates a private university in metropolitan Phoenix.

-1-

3) This action arises under the statutes of the United States for violation of the Equal Pay Act, 29 U.S.C. § 206(d) and 42 U.S.C. 2000e et seq.

4) Jurisdiction is proper in this court pursuant to 28 U.S.C. § 1331 because Plaintiff brings this action pursuant to federal statute.

5) This Court has personal jurisdiction over Defendant because the acts complained of herein occurred in the State of Arizona and Defendant operates a business in Arizona.

6) Venue is proper in this Court because the acts complained of herein occurred within this District and division.

**FACTUAL ALLEGATIONS COMMON TO ALL COUNTS**

7) Plaintiff realleges all allegations heretofore set forth.

8) Plaintiff became employed with Defendant as an enrollment counselor in June 2008.

9) On or about December 21, 2009, Defendant promoted Plaintiff to the position of enrollment counselor manager ("ECM"). Plaintiff's salary was increased to **$57,000.00 per year**.

10) At the time of Plaintiff's promotion, Dusty Heal was also an ECM. Mr. Heal, however, was earning a salary of approximately **$96,000.00 per year**. Mr. Heal's starting salary was approximately $90,000.00 per year and therefore his significantly higher salary was not due to a seniority system.

11) Plaintiff and Mr. Heal had the same job title as ECM until Plaintiff's termination in August 2011, and Mr. Heal continued to earn approximately $40,000.00 more per year despite slight pay raises for both counterparts. As ECMs, Plaintiff and Mr. Heal performed the

same job responsibilities including direct management of the enrollment counselors at Defendant. The performance of these job duties, including management of enrollment counselors, requires/required equal skill, responsibility and effort and are/were performed in the same work environment.

12) As ECMs, Plaintiff and Mr. Heal were both supervised by the same person.

13) The disparity in pay between Plaintiff and Mr. Heal is due to Plaintiff's gender. Further evidence Defendant paid Plaintiff less because she is a woman is because another ECM, Erin Hernandez, is also currently being paid <u>significantly less</u> than Mr. Heal.

14) As far back as August 2011, Defendant was consciously aware that there were large pay disparities among the female and male ECMs because this information was communicated to it and in its possession in the form of an Excel spreadsheet, and therefore Defendant's violation of the Equal Pay Act is willful.

15) Defendant's stated policy is to not discriminate between men and women, and to treat men and women equally in the payment of wages, and therefore Defendant is aware of the requirements of the Equal Pay Act.

16) Plaintiff filed an EEOC Charge of Discrimination against Defendant on August 12, 2011, which was one day after her termination from Defendant's employ. Plaintiff alleged violation of the Equal Pay Act and Title VII as to unequal pay as well as discrimination based on Plaintiff's race, national origin and for taking an FMLA leave.

17) On June 13, 2012, the EEOC made the following determination as to Plaintiff's Equal Pay Act and Title VII claims:

> I find that there is reasonable cause to believe Respondent discriminated against Charging Party and a female class member with respect to wages based on their sex, violating the Equal Pay Act and Title VII. The Commission makes no finding regarding any other allegation made in the charge.

18) Despite the overwhelming amount of evidence supporting Defendant's discrimination against Plaintiff and Ms. Hernandez, it refuses/refused to rectify its violation of the Equal Pay Act and Title VII.

**COUNT ONE**
**(Violation of the Equal Pay Act)**

19) Plaintiff realleges all allegations heretofore set forth.

20) Plaintiff performed equal work as her male counterpart, Mr. Heal, but she was being paid substantially less because she is female.

21) Defendant's violation of the Equal Pay Act as it relates to Plaintiff was willful for the reasons stated herein, and therefore Plaintiff is entitled to back pay for a period of three years and liquidated damages.

22) As a direct and proximate result of Defendant's unlawful discrimination, Plaintiff suffered lost earnings and benefits, e.g. the difference in pay between her and the higher paid male.

**COUNT TWO**
**(Violation of Title VII)**

23) Plaintiff realleges all allegations heretofore set forth.

24) Plaintiff performed equal work as her male counterpart, Mr. Heal, but she was being paid substantially less because she is a female.

25) As a direct and proximate result of Defendant's unlawful discrimination, Plaintiff suffered lost earnings and benefits, e.g. the difference in pay between her and the higher paid male, as well as future economic damages.

WHEREFORE, Plaintiff prays for relief as follows:

1. For economic damages, including back pay, in an amount of Plaintiff's unpaid wages and benefits, and all other economic damages that will make the Plaintiff whole;

2. For front pay in an amount that will make Plaintiff whole;

3. For liquidated damages in an amount equal to Plaintiff's unpaid wages and benefits;

4. For costs and reasonable attorneys' fees; and,

5. For such other relief to which Plaintiff is lawfully entitled as the Court deems just and appropriate.

**DEMAND FOR JURY TRIAL**

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff hereby demands a jury trial.

///

///

///

///

RESPECTFULLY SUBMITTED this 30th day of July, 2012.

>  /s/ Peter Kristofer Strojnik
>  Peter Kristofer Strojnik (026082)
>  `strojnik@skplaw.com`
>  THE STROJNIK FIRM L.L.C.
>  Esplanade Center III, Suite 700
>  2415 East Camelback Road
>  Phoenix, Arizona 85016
>  602 510 9409 (tel)
>  602 532 7572 (fax)
>
>  ***Attorney for Plaintiff***